# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT GREEN,** ) | **CIVIL ACTION** |
| ) | |
| v. ) | Case No._____ |
| ) | |
| **METROPOLITAN GOVERNMENT** ) | **JURY DEMAND** |
| **OF NASHVILLE AND DAVIDSON COUNTY,** ) | |
| **AND LYNDA JONES, PRESIDING JUDGE,** ) | |
| *In Her Official Capacity.* ) | |

## COMPLAINT

### I. Introduction

1. Robert Green ("Plaintiff") brings this civil action against the Metropolitan Government of Nashville and Davidson County ("Metro or Metropolitan Government") and Lynda Jones, Presiding Judge ("Judge Jones") of the Metropolitan General Sessions Court of Nashville and Davidson County (collectively, "Defendants") for violations of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611 *et seq*. Plaintiff seeks, *inter alia*, back pay, lost benefits, compensatory damages, interest, liquidated damages, front pay, attorneys' fees, and costs.

2. Plaintiff exercised his rights under the FMLA by seeking and securing leave under the FMLA and Defendants unlawfully terminated his employment on the basis of that leave. Defendants' termination of Plaintiff's employment on the basis of

that leave constituted unlawful interference in violation of 29 U.S.C. § 2615(a)(1) and retaliation in violation of 29 U.S.C. 2615(a)(2).

## II. Jurisdiction and Venue

3. This Court has jurisdiction over Plaintiffs claims because they are brought pursuant to the FMLA, 29 U.S.C. § 2617, and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391 because all of the events or omissions giving rise to these claims occurred within this judicial district, and because the Defendants reside in this judicial district, regularly conduct business in within this judicial district, and are thus subject to personal jurisdiction within this judicial district.

## III. Parties

5. Plaintiff is a resident and citizen of Davidson County, Tennessee who was employed by Defendants from or around October 1, 2012 until on or around October 30, 2019.

6. Plaintiff was, at all relevant times, an "eligible employee" of Defendants within the meaning of 29 U.S.C. § 2611(2).

7. Defendant Metropolitan Government is a "public agency" as it is a political subdivision of the State of Tennessee within the meaning of 29 U.S.C. 2611(4)(A)(iii) and 29 U.S.C. § 203(x).

8. Defendant Metropolitan Government is and has been, at all relevant times, been engaged in commerce or in an industry affecting commerce within the

meaning of 29 U.S.C. § 2611(4)(B) and has employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the current or preceding calendar year. *See* 29 U.S.C. 2611(4).

9. Defendant Judge Jones was, at all relevant times, an "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A).

## IV. Facts

### A. Plaintiff's Employment with Defendant

10. Plaintiff worked for Defendant Metropolitan Government as the Director of Probation from in or around October 2012 until Defendant Judge Jones terminated his employment on October 30, 2019.

11. When Plaintiff began work for Defendant Metropolitan Government, Plaintiff earned approximately $87,500.00 per year. At the time of Plaintiff's termination, he earned approximately $112,000.00 per year.

12. In addition to his duties as Director of Probation, on or around April 2019, Plaintiff was asked and indeed did take on the additional duties as Director of Traffic School, with no commensurate increase in compensation.

13. Plaintiff was an exemplary employee, who was rarely, if ever, absent or tardy, and had no disciplinary issues while employed by Defendants.

### B. FMLA Leave

14. On or about September 27, 2019, Plaintiff informed the appropriate Human Resources official that he needed to see his healthcare provider.

15. After Plaintiff's visit with his healthcare provider, he was ordered to refrain from work for 30 days by his treating physician on or about September 27, 2019.

16. Later, on or about September 27, 2019, Plaintiff received, by email, his FMLA leave request form from the Human Resources official. Plaintiff's treating physician completed the FMLA request form on or about October 2, 2019 indicating Plaintiff's need for leave until October 30, 2019.

17. Plaintiff's FMLA leave request was approved by Defendant Metropolitan Government on October 7, 2019.

## C. Return to Work and Termination

17. On or about October 4, 2019, Plaintiff's access to his work email had been shut off by the ITS Department on orders of Judge Jones.

18. When Plaintiff returned to work on October 30, 2019, he clocked in for duty and notified Probation Office staff and Judge Jones by email that he was back in the office.

19. Within a very short amount of time of Plaintiff's email to Probation Office staff and Judge Jones, the Courthouse Administrator arrived in Plaintiff's office to notify him verbally of his termination on the order of Judge Jones.

20. Specifically, the Courthouse Administrator verbally told Plaintiff that he was being terminated for "insubordination," which was later reduced to writing and delivered by email to Plaintiff in the afternoon on October 30, 2019.

21. The reason given by Defendant for Plaintiff's termination was pretext.

22. Plaintiff's employment was terminated for absences protected under the FMLA, despite Plaintiff's compliance with all requirements set by Defendant through its Human Resources official.

**Violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2611 *et seq*.**

**Count I**
**(Interference with the Exercise of FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1))**

23. All previous paragraphs are re-alleged and incorporated as though fully set forth herein.

24. The FMLA entitles an "eligible employee" who meets the requirements of 29 U.S.C. § 2613 to 12 workweeks of medical leave for a "serious health condition" that prevents the performance of job functions. 29 U.S.C. 2612(a)(1)(D).

25. Plaintiff was at all relevant times an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

26. Plaintiff suffered from a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

27. Defendants were at all relevant times an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

28. Plaintiff submitted the required documentation, including certification from his healthcare provider, that he was suffering from a serious health condition pursuant to 29 U.S.C. § 2611(11) and that Plaintiff's care was needed pursuant to 29 U.S.C. § 2612(a)(1)(D).

29. Plaintiff took the requested leave and his treating physician submitted the completed medical certification form.

30. Plaintiff's FMLA leave was subsequently approved by the Defendant.

31. On the morning Plaintiff returned to work from his approved FMLA leave, Defendant Judge Jones terminated his employment on the basis of his absences, which were protected under the FMLA, on the pretext he was "insubordinate."

32. By terminating Plaintiff's employment on the basis of his protected FMLA absences, Defendants unlawfully interfered with Plaintiff's exercise of his rights under the FMLA, 29 U.S.C. § 2615(a)(1).

### Count II
### (Retaliatory Discharge for Exercise of FMLA Rights in Violation of 29 U.S.C. § 2615(a)(2))

33. All previous paragraphs are re-alleged and incorporated as though fully set forth herein.

34. The FMLA entitles an "eligible employee" who meets the requirements of 29 U.S.C. § 2613 to 12 workweeks of medical leave for a "serious health condition" that prevents the performance of job function. 29 U.S.C. § 2612(a)(1)(D).

35. Plaintiff was at all relevant times an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

36. Plaintiff suffered from a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

37. Defendant was at all relevant times an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

38. Plaintiff submitted the required documentation, including certification from his healthcare provider, that he was suffering from a serious health condition pursuant to 29 U.S.C. § 2611(11) and that Plaintiff's care was needed pursuant to 29 U.S.C. § 2612(a)(1)(D).

39. Plaintiff took the requested leave and his treating physician submitted the completed medical certification form.

40. Plaintiff's FMLA leave was subsequently approved by the Defendant.

41. On the morning Plaintiff returned to work from his approved FMLA leave, Defendant Judge Jones terminated his employment on the basis of his absences, which were protected under the FMLA, on the pretext he was "insubordinate."

42. By terminating Plaintiff's employment on the basis of his protected FMLA absences, Defendants unlawfully interfered with Plaintiff's exercise of his rights under the FMLA, 29 U.S.C. § 2615(a)(2).

### **Prayer for Relief**

WHEREFORE, Plaintiff prays for the following relief:

A. A declaration that the Defendants violated the FMLA;

B. A judgment against the Defendants and in favor of Plaintiff for back pay and front pay, including all interest allowable under the FMLA;

7
Case 3:20-cv-00914   Document 1   Filed 10/23/20   Page 7 of 8 PageID #: 7

C. A judgment against Defendants and in favor of Plaintiff for compensatory damages, including, without limitation, the loss of wages and benefits, including all interest on such sums allowable under the FMLA;

D. A finding that Defendants violations of the FMLA were and are willful;

E. A judgment against Defendants and in favor of Plaintiff for liquidated damages to the fullest extent permitted under the FMLA;

F. A judgment against Defendants and in favor of Plaintiff for litigation costs, expense, and Plaintiff's attorney's fees to the fullest extent permitted under the FMLA, and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d); and,

G. Such other and further relief as this Court deems just and proper and allowed in equity or under law.

## Jury Trial Demanded

Plaintiff demands a jury trial as to all claims so triable.

Dated: October 23, 2020.

Respectfully submitted,

/s/ Jamie R. Hollin
**Jamie R. Hollin, BPR No. 025460**
Law Office of Jamie R. Hollin
1006 Fatherland Street, Suite 102B
Nashville, Tennessee 37219
T: 615-870-4650
E: j.hollin@me.com