# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| ROBERT GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-CV-00914 |
| | ) Judge Waverly D. Crenshaw, Jr |
| METROPOLITAN GOVERNMENT OF | ) Magistrate Judge Alistair Newbern |
| NASHVILLE & DAVIDSON COUNTY | ) |
| AND LYNDA JONES, PRESIDING | ) JURY DEMAND |
| JUDGE, In Her Official Capacity. | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT

Defendant Lynda Jones, Presiding Judge ("Defendant"), hereby responds to the Complaint filed as follows:

1. Paragraph 1 of the Complaint calls for a legal conclusion and as such no answer is required from the Defendant. To the extent that an Answer is required, Defendant denies she is liable to the Plaintiff or that she violated the Family Medical Leave Act ("FMLA").

2. Defendant is without sufficient information to either admit or deny that Plaintiff exercised his rights under the FMLA. Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits that venue is proper in this Court. Defendant denies the remaining allegations of Paragraph 4 of the Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 6 of the Complaint.

7. Based upon information and belief, Defendant admits the allegations of Paragraph 7 of the Complaint.

8. This Paragraph calls for a legal conclusion and as such, no response is required from the Defendant.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits that the Plaintiff was an employee of the Defendant Metropolitan Government as the Director of Probation. Defendant denies the remaining allegations of Paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge to either admit or deny the allegations of Paragraph 11 of the Complaint.

12. Defendant admits that the Plaintiff was the Director of Probation and was asked to assist with the duties of Director of Traffic School. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 14 of the Complaint.

15. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 15 of the Complaint.

16. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 16 of the Complaint.

17. Defendant is without sufficient information to either admit or deny the allegations of the first Paragraph 17 of the Complaint.

18. Defendant denies the allegations of the second Paragraph 17 of the Complaint.

19. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 18 of the Complaint.

20. Defendant denies the allegations of Paragraph 19 of the Complaint.

21. Defendant denies the allegations of Paragraph 20 of the Complaint.

22. Defendant denies the allegations of Paragraph 21 of the Complaint.

23. Defendant denies the allegations of Paragraph 22 of the Complaint.

24. Defendant relies on all the defenses plead above in Paragraphs 1-23.

25. Paragraph 24 of the Complaint states legal conclusions and does not require a response from the Defendant.

26. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 25 of the Complaint.

27. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 26 of the Complaint.

28. Defendant denies that she was an employer.

29. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 28 of the Complaint.

30. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 29 of the Complaint.

31. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 30 of the Complaint.

32. Defendant denies the allegations of Paragraph 31 of the Complaint.

33. Defendant denies the allegations of Paragraph 32 of the Complaint.

34. Defendant relies on its answers and defenses as alleged in Paragraphs 1-33 above.

35. Paragraph 34 calls for a legal conclusion and as such no answer is required from the Defendant.

36. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 35 of the Complaint.

37. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 36 of the Complaint.

38. Defendant denies the allegations of Paragraph 37 of the Complaint.

39. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 38 of the Complaint.

40. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 39 of the Complaint.

41. Defendant denies that this Defendant approved any leave for the Defendant. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 41 of the Complaint.

43. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

44. Defendant denies that they are liable to Plaintiff under any theory under which she seeks relief.

45. All allegations in Plaintiff's Complaint not expressly admitted or denied above are hereby denied.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**THIRD DEFENSE**

The plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, laches, waiver or estoppel.

**FOURTH DEFENSE**

The plaintiff failed in whole or in part to exhaust his administrative remedies.

**FIFTH DEFENSE**

The plaintiff failed to take reasonable measures to avoid the consequences alleged to have been caused by Defendant.

**SIXTH DEFENSE**

To the extent that the plaintiff incurred any injury or damages, which Defendant denies, the plaintiff failed to mitigate the alleged damages. Any claim for monetary relief by Plaintiff must be reduced, denied, or offset in an amount equal to Plaintiff's interim earnings; by any amounts Plaintiff would have earned with reasonable diligence; or by Plaintiff's failure or refusal, for whatever reason, to be available for work after the termination of his employment.

## SEVENTH DEFENSE

Plaintiff's employer, the Metropolitan Government of Nashville and Davidson County, made good faith efforts through its adoption of anti-discrimination policies and education of its personnel to comply with employment discrimination laws and did so.

## EIGHTH DEFENSE

Plaintiff's employer, the Metropolitan Government of Nashville and Davidson County has a well disseminated and consistently enforced policy against discrimination and harassment and a reasonable and available procedure to handle complaints of discrimination and harassment. To the extent the plaintiff failed to use or otherwise misused such procedures, his claims are barred.

## NINTH DEFENSE

All pleadings and notices should be forwarded to counsel on behalf of Defendant. Defendant reserves all defenses, affirmative or otherwise, to which she will be entitled.

## TENTH DEFENSE

This action in whole or in part is frivolous, unreasonable and groundless, and accordingly, Defendants are entitled to attorney's fees and other costs associated with the defense of this action.

**WHEREFORE**, Defendant denies that she is liable to Plaintiff in any amount and request that, following a hearing in this matter, the Court dismiss this action with prejudice, award Defendant her reasonable costs and attorneys' fees, and order such further relief as this Court may deem equitable and just. Defendant also requests a bifurcated trial on the issue of punitive damages. Defendants also request that this matter be heard by the highest number of jurors permitted to be empaneled.

Respectfully submitted,

/s/ Mark A. Baugh
Mark A. Baugh (BPR 015779)
Jonathan Cole (BPR 16632)
BAKER, DONELSON, BEARMAN,
CALDWELL, & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Phone: 615-726-7335
Fax: 615-744-7335
Email: mbaugh@bakerdonelson.com
jcole@bakerdonelson.com

*Attorneys for Defendant Judge Lynda Jones*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of January 2021 the foregoing *Answer to Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by Regular U.S. Mail. Parties may access this filing through the Court's electronic filing system:

| | |
|---|---|
| Jamie R. Hollin | Allison L. Bussell |
| Law Office of Jamie R. Hollin | Metropolitan Legal Department |
| 1006 Fatherland Street, Suite 102B | P O Box 196300 |
| Nashville, Tennessee 37219 | Nashville, TN 37219 |
| Phone: 615-870-4650 | Phone: 615-862-6341 |
| Email: j.hollin@me.com | Email: allison.bussell@nashville.gov |

/s/ Mark A. Baugh
Mark A. Baugh