IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT GREEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:20-cv-00914 |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, and LYNDA JONES, PRESIDING JUDGE, *In Her Official Capacity*, | ) Judge Crenshaw ) Magistrate Judge Newbern ) ) JURY DEMAND |
| Defendants. | ) |

**DEFENDANT METROPOLITAN GOVERNMENT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government"), hereby responds to the allegations in Plaintiff's Complaint as follows:

## I. Introduction

1. It is admitted that Plaintiff brings this lawsuit under the under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611, *et seq.*, seeking various forms of relief. It is denied that Plaintiff is entitled to any of the relief he seeks.

2. It admitted that Plaintiff took FMLA leave and that Plaintiff's employment was terminated for other reasons not related to this leave. All remaining allegations in this paragraph are denied.

## II. Jurisdiction and Venue

3. Jurisdiction is admitted.

4. Venue is admitted.

### III. Parties

5. Admitted.

6. Denied.

7. Admitted.

8. Admitted.

9. Denied.

### IV. Facts

**A. Plaintiff's Employment with Defendant**

10. It is admitted that Plaintiff worked as the Director of Probation in the General Sessions Courts division from approximately October 2012 to October 30, 2019. All remaining allegations in this paragraph are denied.

11. It is admitted that Plaintiff's starting salary was approximately $87,500.00 per year. All remaining allegations in this paragraph are denied.

12. Defendant admits that Plaintiff was the Director of Probation and was asked to help with the duties of Director of Traffic School. It is admitted that Plaintiff did not receive an increase in pay as a result of handling those duties. All remaining allegations in this paragraph are denied.

13. Denied.

**B. FMLA Leave**

14. Admitted.

15. Admitted.

16. It is admitted that Plaintiff was provided FMLA leave request forms by email, though it is unclear whether those forms were transmitted on September 27, 2019. The allegations in the second sentence of this paragraph are admitted.

17. It is admitted that Plaintiff's FMLA leave request was approved on October 7, 2019. All remaining allegations in this paragraph are denied.

**C. Return to Work and Termination**

17.[1] Admitted.

18. Admitted.

19. It is admitted that the General Sessions Court Administrator went to Plaintiff's office to notify him verbally of Judge Jones's termination of his employment shortly after Plaintiff arrived in the office. All remaining allegations in this paragraph are denied.

20. It is admitted that Plaintiff was provided a letter by email indicating that he was being terminated. It is admitted that the General Sessions Court Administrator notified Plaintiff that he was being terminated, though the Metropolitan Government lacks sufficient information to admit or deny the precise details of that conversation.

21. Denied.

22. Denied.

**Violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2611 *et seq.***

**Count I**
**(Interference with the Exercise of FMLA Rights**
**in Violation of 29 U.S.C. § 2615(a)(1))**

23. The Metropolitan Government adopts and incorporates its responses to the allegations in Paragraphs 1-22 as if fully set forth herein.

24. This paragraph calls for a legal conclusion, and the text of the FMLA speaks for itself. Insofar as a response is required, the Metropolitan Government admits that the FMLA provides an "eligible employee" up to 12 weeks of unpaid leave where a "serious

---

[1] There are two paragraphs in Plaintiff's Complaint numbered 17. This Answer follows the same numbering pattern as the Complaint.

medical condition" prevents the employee from performing his or her job functions, subject to certain statutory exceptions. To the extent this paragraph implies liability in any way, it is denied.

25. Denied.

26. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied, and strict proof is demanded thereof.

27. It is admitted that the Metropolitan Government is an "employer" within the meaning of the FMLA in that the Metropolitan Government employs the requisite number of employees to qualify. All remaining allegations in this paragraph are denied.

28. It is denied for lack of information whether Plaintiff actually suffered a serious health condition under the FMLA. It is admitted that Plaintiff submitted documentation requesting FMLA leave and that his request was approved. Any remaining allegations are denied.

29. Admitted.

30. It is admitted that Plaintiff's FMLA leave request was approved. All remaining allegations in this paragraph are denied.

31. It is admitted that Judge Jones terminated Plaintiff's employment effective October 30, 2019, on grounds that he was insubordinate. All remaining allegations in this paragraph are denied.

32. Denied.

## Count II
### (Retaliatory Discharge for Exercise of FMLA Rights in Violation of 29 U.S.C. § 2615(a)(2))

33. The Metropolitan Government adopts and incorporates its responses to the allegations in Paragraphs 1-32 as if fully set forth herein.

34. This paragraph calls for a legal conclusion, and the text of the FMLA speaks for itself. Insofar as a response is required, the Metropolitan Government admits that the FMLA provides an "eligible employee" up to 12 weeks of unpaid leave where a "serious medical condition" prevents the employee from performing his or her job functions, subject to certain statutory exceptions. To the extent this paragraph implies liability in any way, it is denied.

35. Denied.

36. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied, and strict proof is demanded thereof.

37. It is admitted that the Metropolitan Government is an "employer" within the meaning of the FMLA in that the Metropolitan Government employs the requisite number of employees to qualify. All remaining allegations in this paragraph are denied.

38. It is admitted that Plaintiff submitted documentation requesting FMLA leave and that his request was approved. It is denied for lack of information whether Plaintiff actually suffered a serious health condition under the FMLA.

39. Admitted.

40. It is admitted that Gina Fox approved Plaintiff's FMLA leave request.

41. It is admitted that Judge Jones terminated Plaintiff's employment effective October 30, 2019, on grounds that he was insubordinate. All remaining allegations in this paragraph are denied.

42. Denied.

**RELIEF REQUESTED**

The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial. Defendant denies any allegations or inferences of wrongdoing or

illegality and denies that Plaintiff is entitled to any relief whatsoever. It is denied that Plaintiff is entitled to any of the relief he seeks.

## GENERAL DENIAL

Any allegation not specifically admitted in this Answer is hereby denied and strict proof is demanded thereof.

## GENERAL AND AFFIRMATIVE DEFENSES

1. The Metropolitan Government denies that Plaintiff is entitled to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted.

2. All actions taken by the Metropolitan Government were for legitimate, non-retaliatory reasons unrelated to Plaintiff's assertion of rights under the FMLA undertaken in good faith and without malice or ill-will towards the Plaintiff.

3. The Metropolitan Government did not engage in any conduct that would constitute unlawful FMLA interference or retaliation.

4. There is no causal connection between any protected activity and the termination of Plaintiff's employment.

5. No agent of the Metropolitan Government took any action with respect to Plaintiff's employment that is relevant to this action or for which Plaintiff may recover under the FMLA.

6. Plaintiff's claims are barred by unclean hands, laches, and estoppel.

7. Plaintiff cannot establish the standard for liquidated damages under the FMLA.

8. Insofar as Plaintiff suffered any damages, which the Metropolitan Government denies, Plaintiff's claims must be reduced or offset by Plaintiff's interim

earnings or by any amount that Plaintiff would have earned through reasonable efforts to mitigate damages.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, the Metropolitan Government prays:

1. That this be accepted as its Answer herein;

2. That this cause be dismissed and held for naught;

3. That all costs and other reasonable fees, including attorney's fees, be charged to and borne by Plaintiff;

4. That a jury hear all claims so triable; and

5. For such other relief as the Court deems appropriate.

> Respectfully submitted,
>
> DEPARTMENT OF LAW OF THE
> METROPOLITAN GOVERNMENT OF
> NASHVILLE AND DAVIDSON COUNTY
> ROBERT E. COOPER, JR. (#10934)
> DIRECTOR OF LAW
>
> /s/ *Allison Bussell*
> Allison Bussell (#23538)
> Mallory L. Ricci (#32492)
> Assistant Metropolitan Attorneys
> Metropolitan Courthouse, Suite 108
> P.O. Box 196300
> Nashville, Tennessee 37219
> (615) 862-6341
> allison.bussell@nashville.gov
> mallory.ricci@nashville.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and accurate copy of the foregoing ANSWER has been served electronically via the CM/ECF filing system to:

| | |
|---|---|
| Jamie R. Hollin<br>1006 Fatherland Street, Suite 102B<br>Nashville, TN 37219 | Mark A. Baugh<br>Jonathan Cole<br>Baker, Donelson, Bearman, Caldwell, &<br>Berkowitz, P.C.<br>211 Commerce Street<br>Nashville, TN 37201 |

on this 21st day of January, 2021.

                                            /s/ *Allison Bussell*
                                            Allison Bussell